# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AZAEL DYTHIAN PERALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRUEBLUE, INC., d/b/a/ Labor Ready, ) <br> Inc., et al., Robert J. (Bob) Sullivan, ) <br> Chairman, and Steve Cooper, CEO and Dir.; ) <br> LABOR READY FULLERTON, et al., ) <br> Mr. Steve Smith, Ms. Maria Arellano, ) <br> Bobbie Doe and Jessie Doe; ) <br> CENTRAL INTELLIGENCE AGENCY, ) <br> et al., U.S. Dir. -- Mr. Leon Panetta; ) <br> FED. BUREAU OF INVESTIGATION, ) <br> et al., U.S. Dir. -- Mr. Robert S. Mueller, III; ) <br> FED. BUREAU OF INVESTIGATION/ ) <br> U.S. DEP'T OF JUSTICE, et al.; ) <br> U.S. DEP'T OF LABOR, et al., ) <br> U.S. Secretary of Labor - Ms. Hilda L. Solis, ) <br> ) <br> Defendants. ) | Case No. 12-CV-097-TCK-FHM |

## **OPINION AND ORDER**

On February 24, 2012, Plaintiff, appearing *pro se*, commenced this action by filing a complaint (Dkt. # 2), a motion to proceed *in forma pauperis* (Dkt. # 4), and a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 6). Plaintiff states that he is homeless, and provides a return mailing address of P.O. Box 501, Fullerton, CA 92836. By minute order filed March 9, 2012 (Dkt. # 8), the Court denied Plaintiff's motion to proceed *in forma pauperis* without prejudice to refiling a complete form. The Court's record reflects that on March 19, 2012, the copy of the minute order mailed to Plaintiff was returned, marked "postmaster return to sender -- mail fraud."

To date, the Court has received no further correspondence from Plaintiff. Without a valid return address, the Court is unable to communicate with Plaintiff. Therefore, this action is subject to dismissal for lack of prosecution. Furthermore, for the reasons discussed below, the complaint shall be dismissed with prejudice as frivolous and the petition for writ of habeas corpus shall be dismissed without prejudice for lack of jurisdiction.

**A. Claims raised in the complaint are frivolous**

The Court may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint is, in large part, unintelligible. Significantly, all of the incidents complained of occurred in California. Plaintiff does not allege that any action giving rise to the complaint occurred in Oklahoma. Plaintiff makes numerous unsupported allegations. For example, he claims that he has "been denied equal pay relating to my experience, education," see Dkt. # 2 at 4, and that Defendants "are guilty of conspiracy and obstruction of justice" id. at 25. In his request for relief, Plaintiff asks for three billion dollars. Id. at 26. Much of the one-hundred page complaint consists of a list of the District Attorney Offices in California and copies of pleadings filed in other

court actions. Even giving Plaintiff's complaint the liberal construction it is due given his *pro se* status, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's allegations are clearly baseless and wholly implausible. The Court further finds that to allow Plaintiff an opportunity to amend his complaint would be futile. Therefore, the complaint shall be dismissed as frivolous and for failure to state a claim.

**B. Court lacks jurisdiction to consider habeas relief**

Plaintiff also filed a 28 U.S.C. § 2241 habeas corpus petition (Dkt. # 6). It is clear, however, that the Court lacks jurisdiction over any claim asserted under the habeas corpus statutes. First, Plaintiff fails to allege or demonstrate that he is in custody as required under 28 U.S.C. § 2241(c). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Because there is no indication that Plaintiff is in custody, the Court lacks jurisdiction to consider any habeas corpus claims. The Court further notes that Plaintiff has filed a number of habeas corpus actions in the United States District Court for the Central District of California that also have been dismissed summarily because he is not in custody. See Perales v. United States, No. SACV 11-201 JVS (AGR), 2011 WL 684195 (C.D. Cal. Feb. 11, 2011); Perales v. Dollar Tree Inc., No. SACV 10-1772 JVS (AGR), 2010 WL 4923090 (C.D. Cal. Nov. 30, 2010); Perales v. U.S. Dept. of Labor, No. SACV 10-1737 JVS (AGR), 2010 WL 4923041 (C.D. Cal. Nov. 29, 2010); Perales v. United States, No. SACV 10-1250 JVS (AGR), 2010 WL 3397033 (C.D. Cal. Aug. 25, 2010).

The Court also lacks habeas jurisdiction because, even if Plaintiff is in custody, he fails to allege or demonstrate that he is in custody in the Northern District of Oklahoma. Pursuant to 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." As a result, an application for a writ of habeas corpus pursuant to § 2241 "must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). There is no indication that Plaintiff is confined or otherwise in custody in the Northern District of Oklahoma. Instead, based on the address provided by Plaintiff, he is apparently a resident of California. As a result, this Court lacks jurisdiction to issue a writ of habeas corpus in this action. For that reason, the petition shall be dismissed without prejudice.

## C. Admonishment to Plaintiff

To date, Plaintiff has filed eighty-five actions in district courts and federal courts of appeal around the country, many of which have been dismissed *sua sponte* as frivolous. See, e.g., Perales v. Obama, No. 11 Civ. 1678 (C.D. Cal. Nov. 14, 2011) (dismissing as "legally and/or factually patently frivolous"); Perales v. BP et al., No. 11 Civ. 22833 (S.D. Fla. Sept. 2, 2011) (dismissing "due to the lack of factual allegations"); Perales v. The United States, No. 11 Civ. 91 (Ct. Cl. Feb. 17, 2011) (dismissing allegations "that a traffic light camera constitutes a weapon of mass destruction" as frivolous). In light of that history of filing frivolous lawsuits, Plaintiff is warned that further frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions without prior permission.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Plaintiff's complaint (Dkt. # 2) is **dismissed with prejudice** for failure to state a claim and as frivolous. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 6) is **dismissed without prejudice** for lack of jurisdiction. This is a final order terminating this action.

DATED THIS 4th day of May, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE